# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | | |
|---|---|---|
| **Wells Fargo Delaware Trust, Co., N.A.,** | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | No. 13-2708 |
| **Terry Lee,** | ) ) | |
| Defendant. | ) ) ) | |

## ORDER

Before the Court is the Magistrate Judge's November 5, 2013 Report and Recommendation (the "Report") on Defendant Terry Lee's ("Lee") Notice of Removal. (Rep., ECF No. 7.) Lee, who proceeds pro se, accompanied the Notice of Removal with a motion seeking leave to proceed in forma pauperis, granted by the Magistrate Judge on September 24, 2013. (ECF No. 4.) In the Report, the Magistrate Judge recommends sua sponte remand for lack of subject matter jurisdiction. (Rep., ECF No. 7 at 2.) Lee has filed a timely objection (the "Objection") and requests leave to amend the Notice of Removal to state facts that would establish diversity jurisdiction. (Obj., ECF No. 10.) On November 27, 2013, Plaintiff Wells Fargo Delaware Trust, Co., N.A. ("Wells Fargo") responded to the Objection. (Resp., ECF

No. 11.) On November 5, 2013, Wells Fargo filed a Motion to Remand to State Court (the "Motion"). (Mot., ECF No. 8.) For the following reasons, the Report is ADOPTED in part and MODIFIED in part, Lee's Objection is OVERRULED, and the case is REMANDED to state court. Wells Fargo's Motion to Remand is DENIED as moot.

## I. Background

Wells Fargo originally filed this case against Lee in Shelby County General Sessions Court. (Rep., ECF No. 7 at 2.) Wells Fargo seeks possession of property located at 6636 Wild Drive, Bartlett, TN 38135 (the "Bartlett Property"). (Id.) On September 10, 2013, Lee filed an answer and a counterclaim in General Sessions Court stating, among other things, that Wells Fargo is not the owner or holder in due course of the mortgage and note that he executed. (Id.) On the same day, Lee filed the Notice of Removal at issue here, alleging federal question jurisdiction, supplemental jurisdiction, and diversity jurisdiction. (Id. at 3, 7; Not. of Rem., ECF No. 1.)

The Magistrate Judge recommends remand, concluding that Lee has not established any basis for federal jurisdiction. (Rep., ECF No. 7.) Lee has filed a timely Objection to a portion of the Report, stating that the Bartlett Property is worth $125,000 and that he can establish diversity jurisdiction if allowed to amend the Notice of Removal. (Obj., ECF No. 10 at 7.)

2

**II. Standard of Review**

The court is required to screen in forma pauperis complaints and to dismiss frivolous complaints. 28 U.S.C. § 1915(e)(2). The Court assigns the responsibility to screen in forma pauperis complaints to the Magistrate Judge under 28 U.S.C. § 636, enacted by Congress to alleviate the burden on the federal judiciary. See United States v. Curtis, 237 F.3d 598, 602 (6th Cir. 2001) (citing Gomez v. United States, 490 U.S. 858, 869-70 (1989)). "A district judge must determine de novo any part of a magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(C). The district court is not required to review — under a de novo or any other standard — those aspects of the report and recommendation to which no objection is made. Thomas v. Arn, 474 U.S. 140, 150 (1985). After reviewing the evidence, the court is free to accept, reject, or modify the proposed findings or recommendations of the Magistrate Judge. 28 U.S.C. § 636(b)(1)(C).

**III. Analysis**

Federal courts "have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue sua sponte." Answers in Genesis of Kentucky, Inc. v. Creation Ministries Int'l, Ltd., 556 F.3d 459, 465 (6th Cir. 2009). When a defendant removes a case to federal court, he has

3

the burden to establish that jurisdiction is proper. Barbosa v. Wells Fargo Bank, N.A., Civil Action No. 12-122236-DJC, 2013 WL 4056180, at *3 (D. Mass. Aug. 13, 2013). Under the removal statute, a "civil action otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest properly . . . served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2).

Lee does not object to the Magistrate Judge's finding that Lee has no basis for removal under federal question jurisdiction or supplemental jurisdiction. (Obj., ECF No. 10.) Arn counsels the Court to adopt those portions of the Report, and they are ADOPTED. Arn, 474 U.S. at 150.

Lee objects to the Report's finding that the Court lacks diversity jurisdiction. (Obj., ECF No. 10.) In her Report, the Magistrate Judge "assumes that diversity of citizenship exists" but rejects diversity as a basis for removal because "[t]he Detainer Warrant filed by Wells Fargo seeks 'possession only' of the Bartlett property; it does not seek any monetary amount." (Id. at 9, 10.) Lee has filed a timely Objection, stating that the Bartlett Property is worth $125,000 and requesting that the "Court . . . allow Defendant 20 days to file an amended Notice of Removal in which he makes the proper allegations regarding the amount in controversy." (Obj., ECF No. 10 at 7.)

4

This Court has original jurisdiction of all civil actions between citizens of different states "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs". 28 U.S.C. § 1332(a)(1). The "amount in controversy should be determined from the perspective of the plaintiff, with a focus on the economic value of the rights he seeks to protect." Williamson v. Aetna Life Ins. Co., 481 F.3d 369, 376 (6th Cir. 2007). In a possession or title dispute over property, a party's "ownership interest in the [p]roperty, including [his] right of exclusion possession, is most accurately reflected by the [p]roperty's fair market value." Mortlock, L.L.C. v. JPMorgan Chase Bank, N.A., Civil Action No. H-13-0734, 2013 WL 4056180, at *6 (S.D. Tex. Oct. 25, 2013).

Under the removal statute, removal on the basis of diversity jurisdiction is not proper when a defendant is a citizen of the state in which suit is brought. 28 U.S.C. § 1441(b)(2). Based on Lee's Objection, the parties may be diverse and the amount in controversy requirement may be satisfied. Removal based on diversity, however, would not be proper because Lee is a citizen of Tennessee and was sued in Shelby County General Sessions Court, a Tennessee state court. U.S.C. § 1441(b)(2). To the extent the Magistrate Judge concludes that the Court lacks diversity jurisdiction, the Report is MODIFIED to reflect that the absence of diversity is

5

based on Lee's status as a Tennessee citizen sued in a Tennessee court.

**IV. Conclusion**

For the foregoing reasons, the Report is ADOPTED in part and MODIFIED in part, Lee's Objection is OVERRULED, and the case is REMANDED to the General Sessions Court of Shelby County, Tennessee.  Wells Fargo's Motion to Remand is DENIED as moot.

So ordered this <u>2nd</u> day of January, 2014.

<u>s/ Samuel H. Mays, Jr.</u>
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE